IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| DARON THOMAS, | : | |
| | : | |
| Petitioner, | : | |
| | : | |
| VS. | : | |
| | : | CIVIL No. 5:14-CV-20-MTT-MSH |
| WILLIAM CAPE, | : | |
| | : | PROCEEDINGS UNDER 28 U.S.C. § 2254 |
| Respondent. | : | BEFORE THE U.S. MAGISTRATE JUDGE |
| _____ | | |

**O R D E R**

Presently pending before the Court are Petitioner's Motion for Default Judgment (ECF No. 13), a Motion to Intervene by Warden Donald Barrow (ECF No. 14), and a Motion to Dismiss filed by Barrow (ECF No. 15). Petitioner's Motion for Default Judgment is hereby DENIED. The Eleventh Circuit Court of Appeals has held that "default judgment is not contemplated in habeas corpus cases." *Aziz v. Leferve*, 830 F.2d 184, 187 (11th Cir. 1989). Furthermore, under the Rules, the proper party-Respondent to a § 2254 petition is the state officer having custody of the applicant. *See* Rules Governing § 2254 Cases, Rule 2(a). Accordingly, as Respondent William Cape is no longer the state officer having custody of the applicant, he is hereby DISMISSED from this action, and Warden Barrow's Motion to Intervene is GRANTED.

As stated above, Respondent Barrow has filed a Motion to Dismiss the petition, accompanied by a Memorandum of Law in support thereof. The Court is required to adequately advise the Petitioner of the significance of the Respondent's Motion pursuant to *Griffith v. Wainwright*, 772 F.2d 822 (11th Cir. 1985) (per curiam). In an effort to afford the

Petitioner, who is proceeding *pro se*, adequate notice and time to respond to the Respondent's Motion, the following notice is given.

When considering a motion to dismiss, the Court must accept as true all facts set forth in the plaintiff's complaint and limit its consideration to the pleadings and exhibits attached thereto. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007); *Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 959 (11th Cir. 2009). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 570). The complaint must include sufficient factual allegations "to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. "[A] formulaic recitation of the elements of a cause of action will not do[.]" *Id.* Although the complaint must contain factual allegations that "raise a reasonable expectation that discovery will reveal evidence of" the plaintiff's claims, *id.* at 556, "Rule 12(b)(6) does not permit dismissal of a well-pleaded complaint simply because 'it strikes a savvy judge that actual proof of those facts is improbable,'" *Watts v. Fla. Int'l Univ.,* 495 F.3d 1289, 1295 (11th Cir. 2007) (quoting *Twombly,* 550 U.S. at 556).

Under the procedures and policies of this court, motions to dismiss are normally decided on briefs. The court considers the pleadings and the complaint in deciding whether dismissal is appropriate under Federal Rules of Civil Procedure Rule 12. The parties may submit their argument to this Court by filing briefs in support of or briefs in opposition to said motions.

The law provides that the party against whom dismissal is sought must be given ten (10) days notice of the dismissal rules. In addition, the party upon whom a motion to dismiss has been filed has the right to file a brief in opposition to a motion to dismiss. If he fails to file a brief in opposition to the motion to dismiss, a final judgment may be rendered against him if otherwise appropriate under law.

**FAILURE OF THE PETITIONER HEREIN TO RESPOND TO AND REBUT THE LEGAL ARGUMENTS SET FORTH IN THE RESPONDENT'S BRIEF MAY RESULT IN SAID STATEMENTS BEING ACCEPTED AS UNCONTESTED AND CORRECT.** The Court could grant judgment to the Respondent and there would be no trial or further proceedings regarding this Respondent. Accordingly, the Petitioner is **NOTIFIED** of his right to file a response to the Respondent's Motion to Dismiss in accordance with Rule 12 of the Federal Rules of Civil Procedure. Any such response should be filed **WITHIN THIRTY (30) DAYS** of receipt of this Order. Thereafter, the court will consider the Respondent's Motion to Dismiss and any opposition to same filed by the Petitioner and issue its ruling thereon.

SO ORDERED, this 11th day of April, 2014.

/s/ Stephen Hyles
UNITED STATES MAGISTRATE JUDGE