IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| DARON THOMAS, | : | |
| | : | |
| Petitioner, | : | |
| | : | |
| VS. | : | |
| | : | CASE NO. 5:14-CV-20-MTT-MSH |
| WILLIAM CAPE, | : | 28 U.S.C. § 2254 |
| | : | |
| Respondent. | : | |

_____

**REPORT AND RECOMMENDATION**

Presently pending before the Court is Respondent's motion to dismiss Petitioner's application for habeas relief for lack of jurisdiction and as moot. (ECF No. 16.) Petitioner has not directly responded to the motion to dismiss. Instead, Petitioner filed an objection to having a magistrate judge making a recommendation on the case (ECF No. 24), requested leave to amend his petition to add additional respondents (ECF No. 28), seeks a writ of prohibition and writ of mandamus against multiple persons not party to this action (ECF No. 27), and seeks leave to file an information in the nature of a quo warranto for "malpractice" also against several persons not party to this action (ECF No. 29). For the reasons described below, it is recommended that Respondent's motion be granted and Petitioner's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be dismissed. Petitioner's motion to amend should be denied and his motions for extraordinary writs dismissed.

## BACKGROUND

In his application for habeas relief, Plaintiff contests his December 11, 2012 conviction and thirty day sentence for willful contempt of court in the Supreior Court of Pulaski County.[1] (Pet. for Writ of Habeas Corpus 1, ECF No. 1.) Petitioner also challenges the Court's decision to revoke Petitioner's bond at the December 11, 2012 hearing. (*Id.*; *see also* Resp't's Ex. 1.) Petitioner timely appealed the willful contempt conviction, which was affirmed by the Supreme Court of Georgia without opinion on September 9, 2013. *Thomas v. State*, No. S13A1007 (Ga. Sept. 9, 2013). It appears from the record that Petitioner also filed various other pleadings with the Superior Court of Pulaski County, with the Supreme Court of Georgia, and with the United States Supreme Court in an attempt to further appeal his thirty day sentence and revocation of bond. (*See* Pet. for Writ of Habeas Corpus 3-16.) However, none of these actions was a properly filed state application for habeas relief. (*Id.*)

Petitioner's contempt conviction arose out of the pre-trial proceedings in Petitioner's state charges for, *inter alia*, burglary, theft by taking, entering an automobile, and possession of a firearm by a convicted felon. (Resp't's Ex. 2, ECF No. 22-2.) The burglary case had been set for the trial term of December 10-December 14, 2012. Consequently, Petitioner's burglary case appeared on a calendar call for the Pulaski County Superior Court on December 10, 2012.

Petitioner arrived at the calendar call without counsel despite repeated warnings

---

[1] This oral order was formalized as a written order on December 21, 2012. It is clear from the written order that Petitioner began serving his thirty day sentence for willful contempt on December 11, 2012. (Resp't's Ex. 1, ECF No. 22-1.)

from the Court concerning the necessity for counsel.² In addition, Petitioner "very rudely disrupted the Court's proceedings by refusing to honor the Court's request that he come down and appear before the bench." (Resp't's Ex. 1 at 3.) Petitioner then "challenged [the] Court's authority to demand his presence at the calendar call" and "proceeded to direct outlandish accusations at the bench[.]" (*Id.*) Petitioner also stated that he had not retained counsel and refused to cooperate with any counsel appointed him. (*Id.*)

The court then explained that Plaintiff could retain counsel, have appointed counsel, or proceed *pro se* with or without standby counsel. In response, Petitioner "asserted that he did not wish to accept any counsel appointed by [the court], stated that he did not intend to waive his right to counsel, and further asserted that he would not participate in the proceedings *pro se*." (Resp't's Ex. 1 at 3.) Petitioner also again made "reprehensible accusations of bias, prejudice, and foul play on the part of [the court] in open court." (*Id.*) The court clarified that Petitioner's refusal to fill out the appropriate

---

² At his June 2012 arraignment, Petitioner stated that he preferred appointment of a "private attorney" instead of a public defender. (Resp't's Ex. 1 at 1.) The Court directed Petitioner to fill out the appropriate forms to determine if he qualified for appointment of counsel. (*Id.*) Petitioner refused to fill out the forms and refused to enter a plea without representation, so a not guilty plea was entered on his behalf. At his next court appearance, Petitioner again refused to fill out the forms to determine whether he was entitled to appointed counsel. Despite his refusal to cooperate, the Court appointed counsel for Petitioner.
    In response, Petitioner filed multiple motions with the court accusing the court and Petitioner's appointed counsel of various actions of bias and impropriety. (Resp't's Ex. 1 at 2.) As a result of these repeated filings which the court described as "outlandish," the court ordered Petitioner to undergo a mental evaluation. (*Id.*) At some point between July and October, Petitioner fired his appointed counsel. (*Id.*)
    Petitioner appeared at an October 2012 calendar call without counsel. He again refused to complete the forms for appointment of counsel. Additionally, he acknowledged that he had received notice of the date for his mental evaluation. (*Id.*) Petitioner then appeared in court for the mental evaluation, but refused to cooperate. The court, concerned that Petitioner still did not have either appointed or retained counsel, appointed standby counsel for Petitioner on December 5, 2012. (*Id.* at 2-3.)

3

forms, cooperate with the court, or receive appointed counsel would be construed as a waiver of his right to counsel. Petitioner "again made irrational, rude, contemptuous and obstructive comments regarding [the court's] integrity and impartiality[,] and again refused to heed [the court's] warnings about proceeding to trial without the aid of competent representation." (Resp't's Ex. 1 at 4.) The court thus found that Petitioner knowingly and voluntarily waived his right to counsel and advised Petitioner that he should be ready to proceed with jury selection the following morning. (*Id.*) The court requested that standby counsel also be prepared to appear for the jury trial.

On December 11, 2012, Petitioner appeared for his trial. When he first came into the courtroom, Petitioner took a seat in the middle of the jury pool and refused to come before the court. (*Id.*) Petitioner had to be escorted to the front of the courtroom amidst his accusations that the court lacked jurisdiction over him. He stated that he refused to confer with standby counsel and refused to speak to anyone appointed by the court. He further stated that he was not prepared for trial. (*Id.*)

> Consequently, the court cited Petitioner with
>
> willful contempt of court as a result of his repeated, willful refusal to cooperate with [the court]; his insistence on seizing every opportunity to obstruct the proceedings of [the court] with his rude and disruptive behavior; his unwarranted refusal to allow competent counsel to assist him, or alternatively to proceed *pro se*; and his refusal to participate in the court ordered mental evaluation.

(Resp't's Ex. 1 at 5.) The court ordered Petitioner to serve 30 days in the Pulaski County Jail as a result of his contempt and revoked Petitioner's bond on his burglary charges. (*Id.*) The court also requested that standby counsel continue to serve in that capacity and

4

re-appointed Petitioner's initial counsel to represent him in his upcoming trial. (*Id.*)

Petitioner proceeded to trial on his burglary charges a year later, in December 2013. (Resp't's Ex. 2 at 1-2.) He was found guilty on multiple counts and sentenced to 40 years total to serve. (*Id.*) Petitioner is currently serving this sentence at Washington State Prison. He filed this federal application for habeas relief on October 20, 2013, prior to his convictions in state court.

## DISCUSSION

Respondent moves to dismiss Petitioner's application claiming that Petitioner is no longer in custody for his contempt conviction and consequently cannot seek habeas relief. Petitioner responds by claiming that the undersigned lacks jurisdiction to issue a recommendation on this case[3] and furthermore seeks multiple writs against several persons not a party to this action. As it is clear that Petitioner is no longer in custody for his contempt conviction, his application for habeas relief should be dismissed for lack of jurisdiction. The Court should decline to exercise jurisdiction over Petitioner's motions for writ of mandamus, writ of prohibition, and writ of quo warranto.

### I. "In custody" requirement

"Federal district courts entertain petitions for habeas relief filed by a person 'in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.'" *Diaz v. Fla. Fourth Jud. Cir. ex rel. Duval Cnty.*, 683 F.3d 1261, 1263-64 (11th Cir. 2012) (quoting

---

[3] Contrary to Petitioner's assertions, it is clear from 28 U.S.C. § 636(b)(1)(A) that the undersigned has the authority to make a recommendation on Respondent's motion to dismiss.

28 U.S.C. § 2254(a)). Thus, "[t]he first showing a § 2254 petitioner must make is that he is in custody pursuant to the judgment of a State court." *Lackawanna Cnty. Dist. Attorney v. Coss*, 532 U.S. 394, 401 (2001) (internal quotation marks and citation omitted). This question—whether a petitioner is in custody as described in § 2254(a)— "is a jurisdictional question." *Diaz*, 683 F.3d at 1263. Although the Court must liberally construe the "in custody" requirement, such a construction does not extend "to the situation where a habeas petitioner suffers no present restraint from a conviction." *Garlotte v. Fordice*, 515 U.S. 39, 45 (1995) (internal quotation marks and citation omitted). "The Supreme Court has held that a petitioner is not in custody and thus cannot challenge a conviction when the sentence imposed for that conviction has expired." *Means v. Alabama*, 209 F.3d 1241, 1242 (11th Cir. 2000) (citing *Maleng v. Cook*, 490 U.S. 488, 490-91 (1989)).

As discussed above, Petitioner was sentenced on December 11, 2012 to thirty days in jail for contempt of court. At that time, his bail was also revoked. His sentence for contempt thus ended on January 11, 2013. By the time Petitioner filed this action on October 20, 2013, his sentence for contempt had expired over nine months before. Petitioner is therefore no longer in custody for the sentence he is contesting and cannot seek relief pursuant to §2254. *Diaz*, 683 F.3d at 1264.

Furthermore, there is no argument that his sentence for contempt enhanced his current sentences such that the Court could retain jurisdiction. *See, e.g., Van Zant v. Fla. Parole Comm'n*, 104 F.3d 325, 327 (11th Cir. 1997) (explaining that a petitioner can "challenge an expired conviction only if, at the time of the filing of the petition, (1) the

petitioner is incarcerated under a current sentence that (2) has been enhanced by the expired conviction[]"). The Court also cannot construe Petitioner's application for habeas relief as seeking relief from his subsequent convictions for burglary since he filed this action prior to those convictions.[4] *Cf. Means v. Alabama*, 209 F.3d 1241, 1242 (11th Cir. 2000) ("It is true that federal courts must look beyond the labels of motions filed by pro se inmates to interpret them under whatever statute would provide relief."). Finally, to the extent Petitioner was attempting to challenge the revocation of bond through this action, such request is moot as Petitioner is now being held pursuant to his convictions for burglary. (Resp't's Ex. 3, ECF No. 22-3.)

Because Petitioner is not in custody under the sentence he is challenging, this Court lacks jurisdiction over his request for habeas relief. Respondent's motion to dismiss (ECF No. 16) should consequently be granted. Petitioner's motion for leave to amend his petition to add additional respondents (ECF No. 28) should be denied as moot.

## II. Petitioner's Motions for Extraordinary Writs

Petitioner moves for a writ of prohibition and writ of mandamus against Superior Court Judge Fredrick Mullins, Jr., Clerk Therese Barnes, Clerk Peggy Fauscett, United States District Judge Marc Treadwell, and the undersigned. (ECF No. 27.) Petitioner claims that he was "deprived of counsel" in the state court proceedings concerning his burglary charges and contends that he is being illegally held. (Mot. for Writ of Prohibition ¶¶ 2-5.) He requests that this Court order the Superior Court of Pulaski

---

[4] Petitioner has also not exhausted his available state remedies regarding his burglary convictions.

7

County to "process" his "Verified Motion in Arrest of Judgment and Petition for a Writ of Habeas Corpus" which was filed on December 23, 2013.  (*Id.* at 4.)

He also seeks leave to file an information in the nature of a quo warranto for "malpractice" against Sheriff Billy Cape, Superior Court Judge Fredrick Mullins, Jr., Clerk Therese Barnes, Clerk Peggy Fauscett, and Attorney General Samuel Olens.  (ECF No. 29.)  Again here Petitioner claims that he was "deprived of counsel" in the state proceedings.  Petitioner contends that the above listed state officials committed "wrongful, evil, wicked and subversive criminal activity."  (Mot. for Information Quo Warranto ¶ 1, ECF No. 29.)

As explained above, the Court lacks jurisdiction over Petitioner's application for habeas relief.  Likewise, the Court should decline to exercise jurisdiction over Petitioner's requests that arise under state law.[5]  28 U.S.C. § 1367(c); *see also, e.g., Holt v. Crist*, 233 F. App'x 900, 901 (11th Cir. 2007) (affirming the district court's decision to decline to exercise jurisdiction over plaintiff's "pendant claims for a writ of mandamus, writ of prohibition, and writ of quo warranto[]").  These motions should consequently be dismissed.

---

[5] The Court recognizes that under the All Writs Act, 28 U.S.C. § 1651, it "may issue all writs necessary or appropriate in the aid of [its] respective jurisdiction[] and agreeable to the usages and principles of law."  28 U.S.C. § 1651(a).  However, "a federal court lacks the general power to issue writs of mandamus to direct state courts and their judicial officers in the performance of their duties where mandamus is the only relief sought." *Moye v. Clerk, DeKalb Cnty. Super. Ct.*, 474 F.2d 1275, 1276 (5th Cir. 1973).

## II. Certificate of Appealability

Rule 11(a) of Rules Governing Section 2254 Cases in the United States District Courts provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate of appealability may issue only if the applicant makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a court denies a habeas petition on procedural grounds without reaching the merits of the petitioner's application for habeas relief, this standard requires a petitioner to demonstrate that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *See Slack v. McDaniel*, 529 U.S. 473, 478 (2000). Petitioner cannot meet this standard and, therefore, a certificate of appealability in this case should be denied.

## CONCLUSION

For the reasons explained above, Respondent's motion to dismiss (ECF No. 16) should be granted and Petitioner's application for habeas relief dismissed for lack of jurisdiction. Petitioner's motion to amend (ECF No. 28) should be denied as moot. Petitioner's motions for a writ of prohibition, writ of mandamus (ECF No. 27), and writ of quo warranto (ECF No. 29) should also be dismissed. Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this recommendation with the United States District Judge within fourteen (14) days after being served a copy of this recommendation.

SO RECOMMENDED, this 4th day of November, 2014.

/s/ Stephen Hyles
UNITED STATES MAGISTRATE JUDGE