IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| DARON THOMAS, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 5:14-CV-20 (MTT) |
| | ) |
| WILLIAM BILLY CAPE, | ) |
| | ) |
| Respondent. | ) |

## ORDER

Before the Court is the Report and Recommendation of Magistrate Judge Stephen Hyles (Doc. 30) on the Respondent's motion to dismiss (Doc. 16) the Petitioner's application for habeas relief (Doc. 1). The Magistrate Judge recommends granting the Respondent's motion to dismiss because the Petitioner is no longer in custody pursuant to the state conviction that is the target of his attack. The Magistrate Judge further recommends denying the Petitioner's motions for a writ of mandamus, writ of prohibition (Doc. 27), and writ of quo warranto (Doc. 29) because the Court lacks jurisdiction over the Petitioner's application for habeas relief. Finally, the Magistrate Judge recommends denying a certificate of appealability because the Petitioner has failed to make a substantial showing of the denial of a constitutional right. The Petitioner timely objected to the Recommendation.[1] (Doc. 32).

---

[1] The Petitioner objects to the Magistrate Judge having issued the Report and Recommendation before allowing the Petitioner to file a reply to the Respondent's response (Doc. 31) to several of the Petitioner's motions (Docs. 27; 28; 29). (Doc. 32 at 2). The Petitioner filed an affidavit in support of such motions on the same day he filed his objection to the Report and Recommendation. (Doc. 33). Thus, the Petitioner timely served his desired reply to the Respondent's response in accordance with Local Rule 7.3. The Court has reviewed such reply in ruling on the Petitioner's motions (Docs. 27; 28; 29).

In the Petitioner's motions seeking a writ of prohibition, a writ of mandamus, and leave to file an information in the nature of a quo warranto, the Petitioner effectively asks the Court to vacate his conviction and/or sentence on constitutional grounds and release him from custody. (Docs. 27 at 2; 29 at 1). This request is a habeas claim and not a civil rights claim under 42 U.S.C. § 1983. *Hutcherson v. Riley*, 468 F.3d 750, 754-55 (11th Cir. 2006). And as the Magistrate Judge correctly concluded, the Court lacks jurisdiction over the Petitioner's application for habeas relief because the Petitioner is no longer in custody pursuant to the state conviction that is the target of his attack. To the extent the Petitioner raises claims under state law in these motions, requests that the Court issue a writ of mandamus to "procur[e] a qualified judge to make a determination," and requests leave to file an information in the nature of a quo warranto, these are not cognizable claims or requests in an application for habeas relief and such claims and requests are dismissed for lack of subject matter jurisdiction. *See, e.g.*, *Arnaiz v. Warden, Federal Satellite Low*, 594 F.3d 1326, 1328-30 (11th Cir. 2010); *Mamone v. United States*, 559 F.3d 1209, 1210-11 (11th Cir. 2009); *Virsnieks v. Smith*, 521 F.3d 707, 720-21 (7th Cir. 2008).[2]

The Court has reviewed the Recommendation. Pursuant to 28 U.S.C. § 636(b)(1), the Court has thoroughly considered Petitioner's objections, has made a de novo determination of the portions of the Recommendation to which he objects, and has made an independent review of the record. The Court accepts and adopts the findings, conclusions, and recommendations of the Magistrate Judge except as modified by this Order. The Recommendation is **ADOPTED as modified** and made the order of this

---

[2] The Magistrate Judge recommends that the Court should decline to exercise jurisdiction over the Petitioner's requests that arise under state law. (Doc. 30 at 8). Even if the Court wanted to exercise jurisdiction over these requests, it could not do so. "[A] court does not have 'pendent' jurisdiction over non-cognizable habeas claims." *Virsnieks*, 521 F.3d at 721.

Court.  Accordingly, the Respondent's motion to dismiss (Doc. 16) is **GRANTED**, the Petitioner's motions seeking a writ of prohibition, a writ of mandamus, and leave to file an information in the nature of a quo warranto (Docs. 27; 29) are **DISMISSED without prejudice**, the petition (Doc. 1) is **DISMISSED without prejudice**, and a certificate of appealability is **DENIED**.[3]

**SO ORDERED**, this 20th day of November, 2014.

                                       S/ Marc T. Treadwell
                                       MARC T. TREADWELL, JUDGE
                                       UNITED STATES DISTRICT COURT

---

[3] The Petitioner's motion for leave to amend his petition (Doc. 28) is **DENIED as moot.**